JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV17-00720-RGK (JEMx) | Date | February 2, 2017 |
|---|---|---|---|
| Title | *LETICIA CORONADO v. WELLS FARGO BANK, N.A.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Remanding Action to State Court

On December 22, 2016, Leticia Coronado ("Plaintiff") filed a complaint against Wells Fargo Bank, N.A. ("Defendant") alleging FEHA and state common law claims for disability discrimination and wrongful termination

On January 30, 2017, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

With respect to damages, Plaintiff has alleged only that the amount in controversy exceeds $25,000. In its Notice of Removal, Defendant states that at the time of her termination of employment, Plaintiff earned approximately $42,666 per year. Defendant then states that (1) because Plaintiff makes no allegation in her complaint that she has found other work, and (2) assuming it takes more than one year by the time this matter is resolved, Plaintiff's claim for lost earnings will be more than $80,000. Based on this figure, as well as Plaintiff's additional claims for emotional distress and punitive damages, and attorney's fees, Defendant argues that the amount in controversy is well over $75,000.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-00720-RGK (JEMx) | Date | February 2, 2017 |
|---|---|---|---|
| Title | *LETICIA CORONADO v. WELLS FARGO BANK, N.A.* | | |

However, in calculating the amount in controversy, Defendant makes assumptions unsupported by any facts. Accordingly, Defendant has failed to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the Court hereby **remands** the action to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                                          : _____

Initials of Preparer